UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL J. LASETER, JR. and<br>CASSANDRA M. LASETER,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CLIMATEGUARD DESIGN &<br>INSTALLATION, LLC and<br>ADMIRALS BANK, *formerly known*<br>*as* DOMESTIC BANK,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 12 CV 3719<br><br><br><br>Magistrate Judge Young B. Kim<br><br><br><br><br><br>March 14, 2013 |

**MEMORANDUM OPINION and ORDER**

Wendell and Cassandra Laseter entered into a contract with ClimateGuard Design & Installation, LLC ("ClimateGuard") to purchase a new roof for their house, and took out a mortgage from Admirals Bank ("Admirals") to finance the project. Two years later the roof began to leak, requiring thousands of dollars' worth of repair. The Laseters brought this suit against Climateguard and Admirals seeking rescission of the mortgage under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, alleging that the defendants omitted material disclosures from the Truth In Lending Disclosure Statement they included in the financing documents. The suit includes a second count for breach of contract under state law. Currently before the court is Admirals's motion to dismiss the Laseter's TILA claim either for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1),

or alternatively, under Rule 12(b)(6) for failure to state a claim.[1] For the following reasons, the motion is denied:

**Facts**

The Laseters allege the following facts, which, for purposes of the current motion to dismiss—whether for lack of jurisdiction or for failure to state a claim—this court accepts as true. *See Independent Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012); *see also Lagen v. United Cont'l Holdings, Inc.*, __F.Supp.2d__, 12 CV 4056, 2013 WL 375213, at *2 (N.D. Ill. Jan. 31, 2013). On August 14, 2009, ClimateGuard representatives visited the Laseters' home and sold them a new roof. (R. 1, Compl. ¶ 10.) That same day, the Laseters signed a "sales/retail installment contract," which included a section labeled "Disclosures Required by Federal Law." (Id. ¶ 11 & Ex. A.) Those disclosures included only "estimates" of key terms, like the annual percentage rate, total of payments, and number of payments. (Id. ¶ 12 & Ex. A.) After the Laseters signed the sales contract, ClimateGuard—which had a prior arrangement with Admirals (then d/b/a Domestic Bank) for the referral of clients—arranged for the Laseters to take out a mortgage from Admirals to pay for the new roof. (Id. ¶¶ 13-14.) Two weeks after the Laseters signed the sales contract, they signed the loan documents. (Id. ¶ 15 & Exs. C-E.)

Among the documents the Laseters received or signed in connection with the mortgage, Admirals provided them with a Truth-In-Lending Disclosure Statement. (Id. ¶ 15

---

[1] On October 15, 2012, the parties consented to the jurisdiction of this court. (R. 25); *see* 28 U.S.C. § 636(c).

& Ex. C.) In the top third of that document are boxes setting forth the annual percentage rate ("APR"), finance charge, amount financed, total of payments, and a payment schedule conveying the number and amount of payments and the date on which the first payments are due. (Id. Ex. C.) Those boxes do not disclose the interval or schedule of the payments. (Id. ¶ 16 & Ex. C.) On a separate page, however, Admirals provided a schedule setting forth the number and amount of payments, and stating that those payments are due "monthly." (Id. Ex. C.)

Two years after ClimateGuard installed the Laseter's new roof, it began to leak. (Id. ¶ 17.) When the Laseters complained to ClimateGuard about the leaky roof, it refused to remedy the problem, saying it was no longer in the roofing business. (Id. ¶¶ 19-20.) The Laseters estimate that repairing the roof will cost them in the range of $6,900 to $9,950. (Id. ¶ 21.) They now invoke what they assert is their right to rescind the mortgage under TILA, alleging that the payment schedule was improperly disclosed and that the process of requiring them to sign financing documents two weeks after they signed a binding sales contract is "confusing and obfuscatory." (Id. ¶ 26.) The Laseters also seek damages stemming from ClimateGuard's alleged breach of contract. (Id. ¶ 33.)

**Analysis**

In the current motion to dismiss count one of the complaint, Admirals argues that the Laseters' claim for rescission under TILA is untimely and therefore must be dismissed either for lack of subject matter jurisdiction or for failure to state a claim. TILA gives a consumer three days following the consummation of a loan to rescind the agreement, unless the lender

does not deliver required material disclosures, in which case the right to rescind extends to three years. 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 1026.23(a). The Laseters gave notice of their intent to rescind the agreement on April 18, 2012, less than three years after they entered into the loan agreement. (R. 1, Compl. Exs. C & H.) Admirals argues that the Laseters are not entitled to the three-year rescission period, and that therefore their notice is untimely and their federal claim time barred. Admirals argues that the Truth-In-Lending Disclosure Statement attached to the Laseters' complaint is clear on its face and that there is nothing objectively confusing about entering into a sales contract two weeks before signing the financing documents to fund the work described in the sales contract. (R. 19, Mot. at 5-6.) In response, the Laseters defend their invocation of the three-year rescission period, arguing that the disclosure statement failed to properly disclose the loan's payment schedule and that separating the execution of the sales contract from the execution of the loan documents by two weeks is a practice that is likely to confuse the ordinary consumer. (R. 22, Resp. at 8-12.)

This court must begin its analysis of the motion by addressing the jurisdictional question. Admirals has not cited any cases to support its argument that this court lacks subject matter jurisdiction to review a claim brought under TILA where the notice of rescission is untimely. The Supreme Court has interpreted TILA's three-year rescission period as a statute of repose, *see Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1997), meaning that it "'serves as an unyielding and absolute barrier to a cause of action, regardless of whether that cause has accrued,'" *see McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir.

4

2011) (quoting *Klein v. DuPuy, Inc.*, 506 F.3d 553, 557 (7th Cir. 2007)). Although some circuits have characterized TILA's three-year limitation on the right of rescission as being jurisdictional, *see, e.g., Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), the Seventh Circuit has made clear that in its view, "there is nothing jurisdictional about § 1635(f)'s period of repose," *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). Instead, the three-year limitation serves as "merely a precondition to a substantive right of relief." *Doss*, 551 F.3d at 639. The Laseters interpreted Admirals's motion to dismiss as asserting that this court lacks jurisdiction over their TILA claim because it believes the claim to be meritless. But as they point out, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Because Admirals has not shown that this court lacks jurisdiction to review the Laseters' TILA claim, this court will view the current motion through the lens of Rule 12(b)(6).

Admirals's substantive argument is that TILA's statute of repose bars the Laseters' TILA claim because the Laseters failed to meet the precondition to their claim by filing a timely notice of rescission. A statute of repose is an affirmative defense, and "[c]omplaints need not anticipate or attempt to defuse potential defenses." *See Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005). But dismissal under Rule 12(b)(6) is appropriate where a complaint "sets out all of the elements of an affirmative defense," *see Independent Trust Corp.*, 665

5

F.3d at 935, such as where "the facts pleaded in the complaint establish that a claim is time barred," *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Although technically, where allegations "show that there is an airtight defense" based on a limitations period, dismissal should be sought through a motion for judgment on the pleadings under Rule 12(c), but "this comes to the same thing as a dismissal under Rule 12(b)(6)," and the Seventh Circuit has used the two rules "interchangeably." *See Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012).

Whether the Laseters are bound by the three-day or three-year rescission period—and thus whether their TILA claim is time-barred—turns on the adequacy of the disclosures Admirals provided them when the loan was signed. *See* 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 1026.23. TILA was designed to benefit consumers by helping them "to compare more readily the various credit terms available to [them] and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); *see also Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 762 (7th Cir. 2006). In support of that goal, the regulations implementing TILA mandate that for each transaction involving a mortgage security, the creditor must disclose, among other things, the amount financed, the finance charge, the APR, the variable rate, the total of payments, and the payment schedule. *See* 12 C.F.R. § 1026.18. The sufficiency of a creditor's disclosures is an objective question, *see Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 515 (7th Cir. 1999), and is viewed from the standpoint of the ordinary consumer, *see Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327-28 (7th Cir. 1999). Because TILA is a consumer-protection statute, it "does not easily forgive 'technical errors.'" *Handy*, 464 F.3d at 764. Indeed, the

Seventh Circuit has made clear that in reviewing the adequacy of TILA-mandated disclosures, "'hyper-technicality reigns.'" *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 529 (7th Cir. 2007) (quoting *Handy*, 464 F.3d at 764). This means that "lenders are generally strictly liable under TILA for inaccuracies, even absent a showing that the inaccuracies are misleading." *Smith*, 195 F.3d at 328.

The Laseters assert that they are entitled to the benefit of the three-year rescission period because, according to them, Admirals inadequately disclosed the loan's payment schedule. The Truth-In-Lending statement is attached to their complaint and so it is a part of the pleadings that this court may consider without converting the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). That statement includes on the first page what is known as the "federal box," where the TILA-mandated disclosures typically are listed. *See Van Jackson v. Check 'N Go of Ill., Inc.*, 193 F.R.D. 544, 548 (N.D. Ill. 2000). Although here the federal box conveys several of the required disclosures, including the APR, finance charge, number of payments, and amount of payments, *see* 15 U.S.C. § 1602(v) (listing material disclosures), it does not provide the schedule of payments, (R. 1, Compl. Ex. C). But on the following page, separated from the other mandated disclosures and appearing in a description of the lenders' requirements regarding mortgage-guarantee insurance, there appears a chart listing both the number and amount of the loan and insurance payments, and describing those payments as being due "monthly." (Id.) The Laseters argue that because the payment schedule appears

outside of the federal box, separated from the other mandated disclosures, the form amounts to a technical TILA violation.

The Laseters' argument finds some support in the Seventh Circuit's decision in *Hamm* and in cases following it. In *Hamm*, the borrowers challenged a disclosure statement that included the number and amount of payments and the date on which the first payments were due, but gave no indication of how often payments were to be made. 506 F.3d at 527. In reviewing the disclosures, the Seventh Circuit relied on the FRB Staff Commentary to TILA's regulations specifying that the lender disclose the period of payments. *Id.* at 528. The Staff Commentary states that:

> To meet this requirement creditors may list all of the payment due dates. They also have the option of specifying the 'period of payments' scheduled to repay the obligation. As a general rule, creditors that choose this option must disclose the payment intervals or frequency, such as 'monthly' or 'bi-weekly,' and the calendar date the beginning payment is due.

*Id.* (quoting 12 C.F.R. Pt. 226, Supp. I, para. 18(g)(4)(i)). Reiterating the importance of giving TILA a hyper-technical reading, the court held that a lender's failure to disclose mandated information "in the specified way, leaving the borrower to make assumptions," amounts to a TILA violation. *Id.* at 529. Accordingly, even though the court conceded that the average borrower would understand that a mortgage with 360 payments over approximately 30 years contemplates a monthly payment, a lender still must include "the word 'monthly' alongside the number of payments." *Id.* at 530. It was not enough that other documents provided to the borrowers had referred to the monthly payment period. *Id.* Since *Hamm*, several cases from this district have held that the failure to provide the payment

8

schedule along with the other required disclosures triggers the extended rescission period. *See, e.g., Iroanyah v. Bank of America*, 851 F.Supp.2d 1115, 1122 (N.D. Ill. 2012); *Stewart v. BAC Home Loans Servicing*, No. 10 CV 2033, 2011 WL 862938, at *7 (N.D. Ill. March 10, 2011); *Briscoe v. Deutsche Bank Nat'l Trust Co.*, No. 08 CV 1279, 2008 WL 4852977, at *2 (N.D. Ill. Nov. 7, 2008); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913, 919 (N.D. Ill. 2008); *Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F.Supp.2d 695, 700-01 (N.D. Ill. 2008).

Although the holding of *Hamm* and cases following it seem to point clearly in favor of the Laseters' argument, there is dicta in *Hamm* that gives this court pause. In finding that the absence of a specific payment schedule violates TILA, the Seventh Circuit emphasized that if the disclosure forms "had mentioned the 'monthly' nature of the payments at all, we would have a different case here altogether." *Hamm*, 506 F.3d at 530. As noted above, the document attached as Exhibit C to the Laseters' complaint includes on what appears to be the second page, outside of the federal box, a reference to the payments being due "monthly." (R. 1, Compl. Ex. C.) The term appears in a chart affiliated with a disclosure explaining the mortgage-guaranty insurance amount included in the amount the Laseters were required to make monthly. (Id.) Specifically, the form reads:

> As a condition to the loan, the lender requires Title I mortgage-guaranty insurance. In order to purchase said insurance, the monthly payments have been scheduled as follows:
>
> | No. of Payments | Amount | When Due | |
> | --- | --- | --- | --- |
> | 120 | 185.69 | MONTHLY | Principal & Interest |

9

| 120 | 12.24 | MONTHLY | Title I Insurance |
|---|---|---|---|
| | 197.93 | | Total Payment Amount |

(Id.) Thus the question becomes whether this separate reference to the payment schedule outside the federal box makes this a "different case . . . altogether" alluded to in *Hamm*. 506 F.3d at 530.

In giving life to the Seventh Circuit's direction to give TILA a hyper-technical read, some courts have been quick to condemn material disclosures provided outside of a disclosure form's federal box. *See, e.g., Van Jackson v. Check 'N Go of Ill., Inc.*, 193 F.R.D. at 549; *Leathers v. Peoria Toyota-Volvo*, 824 F.Supp. 155, 159-60 (C.D. Ill. 1993). As they point out, TILA makes it clear that the material disclosures, including the payment schedule, "shall be conspicuously segregated from all other terms, data, or information provided in connection with a transaction." 15 U.S.C. § 1638(b)(1); *see also Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 989 (7th Cir. 2000). The requirement to conspicuously segregate the information is satisfied "when the creditor places all the disclosures on one side of one document (unless there is not enough room) or groups the disclosures together within the Federal Box." *Leathers*, 824 F.Supp. at 158. By contrast, where a material term appears on the same page as the federal box but outside the box and "in repetitive and hard to read legalese," the disclosure supports a claim under TILA. *See Van Jackson*, 193 F.R.D. at 548. A form also may be insufficient where a required disclosure is made on the reverse side from the federal box, in a separate context. *See Donnelly v. Illini Cash Advance, Inc.*, No. 00 CV 094, 2000 WL 1161076, at *5 (N.D. Ill. Aug. 16, 2000). Notably, after the Laseters pointed

to *Van Jackson* to argue that a disclosure outside of the federal box is insufficient, Admirals declined to file a reply brief defending that practice.

Here, the disclosure statement attached to the complaint suggests that the payment schedule was disclosed only in a chart on a separate page—and perhaps a separate form entirely (it is not clear from the exhibits)—from the federal box, and in a context pertaining to mortgage-guaranty insurance. (R. 1, Compl. Ex. C.) Although the total payment amount listed in the chart matches the "amount of payments" listed in the federal box, even in the chart on the second page that total is not described as being due "monthly." (Id.) Instead, a payment of $185.69 for "Principle & Interest" and a payment of $12.24 for "Title I Insurance Premium" are described as being due monthly. Although it is easy to assume that an ordinary consumer would understand that the "Total Payment Amount" listed in the chart is the sum of the two figures listed above, and infer that the total must be paid monthly, by omitting the word "monthly" from the total payment due, Admirals has, technically, left it for the reader to assume that the payment total is due monthly. The *Hamm* decision makes it clear that a lender may not require a borrower to make assumptions with respect to material disclosures. 506 F.3d at 529. Giving the documents attached to the complaint a hyper-technical read, *see Brown*, 202 F.3d at 989, the assumption the chart requires coupled with the fact that the term "monthly" only appears outside of and on a separate page from the federal box, in the context of an explanation of the borrower's obligation to purchase mortgage-guaranty insurance, demonstrate that the lenders here failed to meet TILA's strictures for the conspicuous segregation of material disclosures. Accordingly, the Laseters

11

have shown that they are entitled to the three-year rescission period set forth under TILA. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 1026.23.

This court recognizes that this case might stretch toward the far boundary of what it means to give TILA's material disclosure requirements a "hypertechnical" read. But the Seventh Circuit has been clear that hypertechnicality is the standard, which, coupled with the holding in *Hamm*, binds this court to the conclusion that Admirals's disclosure of the payment schedule is insufficient. At the end of the day, Admirals made a choice to omit the word "monthly" from the description of the total payments due, and to convey the schedule with respect to the principal, interest, and insurance payments on a separate page from the federal box. If this court were to find the form sufficient, it could encourage the practice of separating other material disclosures from each other and placing them outside the federal box. That would run counter to the purpose of the statute and the Seventh Circuit's repeated direction to hold lenders to hypertechnical compliance with TILA. *See, e.g., Hamm*, 506 F.3d at 529; *Handy*, 464 F.3d at 764. Because this court's conclusion regarding the schedule disclosure resolves Admirals's argument that the TILA claim is untimely, this court need not discuss at this time the Laseters' alternative argument that the separation in time between the sales contract and financing documents entitles them to the three-year rescission period.

## Conclusion

For the foregoing reasons, Admirals's motion to dismiss count one of the complaint is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**